UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

FRANK JOHN RICHARD,

    Plaintiff,

v.

    Civil Case No. 21-12064
    Honorable Linda V. Parker

O.T. WINN, et al.,

    Defendants.
_____/

**<u>OPINION AND ORDER (1) GRANTING PLAINTIFF'S MOTION FOR LEAVE TO FILE A FIRST AMENDED COMPLAINT; (2) DIRECTING PLAINTIFF TO FILE AMENDED COMPLAINT; AND (3) DENYING WITHOUT PREJUDICE PLAINTIFF'S MOTION TO APPOINT COUNSEL</u>**

Plaintiff, a Michigan Department of Corrections prisoner, initiated this civil rights action against Defendants on August 26, 2021. On October 11, Plaintiff filed a Motion for Leave to File a First Amended Complaint (ECF No. 11) and a Motion to Appoint Counsel (ECF No. 12). Waivers of service subsequently were filed for four of the five defendants. (ECF Nos. 8-13.) As of this date, no defendant has responded to Plaintiff's Complaint.

Pursuant to Federal Rule of Civil Procedure 15(a), "[a] party may amend its pleading once as a matter of course within . . . 21 days after serving it . . .: Fed. R. Civ. P. 15(a)(1)(A). Plaintiff filed his motion seeking leave to file an amended complaint before this 21-day expired. He did not need to seek the Court's

permission before filing his amended pleading. Therefore, the Court is granting his motion. The Court, however, is denying without prejudice Plaintiff's request for counsel.

There is no constitutional right to counsel in civil cases. *Lavado v. Keohane*, 992 F.2d 601, 605-06 (6th Cir. 1993) (citations omitted). A court may appoint counsel to represent a civil plaintiff when warranted by "exceptional circumstances." *Id*. at 606 (citations omitted). When deciding whether exceptional circumstances exist, courts consider "the type of case and the abilities of the plaintiff to represent himself." *Id*. (quoting *Archie v. Christian*, 812 F.2d 250, 253 (5th Cir. 1987)). "This generally involves a determination of the complexity of the factual and legal issues involved." *Id*. (internal quotation marks and citation omitted).

The Court appreciates the psychological and medical issues Plaintiff identifies in his motion and the complexity of the qualified immunity doctrine and prosecuting a case with multiple defendants for a non-lawyer. Nevertheless, Plaintiff's filings to date reflect that he has the ability to effectively communicate and advocate for himself—at least at this time. The Court, therefore, is denying his request for the appointment of counsel without prejudice to Plaintiff's right to move for appointment of counsel at a later time.

Accordingly,

**IT IS ORDERED** that Plaintiff's Motion for Leave to File a First Amended Complaint is **GRANTED** and Plaintiff shall file his First Amended Complaint as a separate document within **14 days** of this Opinion and Order.

**IT IS FURTHER ORDERED** that Plaintiff's Motion to Appoint Counsel is **DENIED WITHOUT PREJUDICE**.

**IT IS SO ORDERED.**

          s/ Linda V. Parker
          LINDA V. PARKER
          U.S. DISTRICT JUDGE

Dated: November 2, 2021

I hereby certify that a copy of the foregoing document was mailed to counsel of record and/or pro se parties on this date, November 2, 2021, by electronic and/or U.S. First Class mail.

          s/Aaron Flanigan
          Case Manager