UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

FRANK RICHARD,

    Plaintiff,

v.

    Civil Case No. 21-12064
    Honorable Linda V. Parker

O.T. WINN, THOMAS HAYNES,
MICHAEL GUERIN, JODIE
ANDERSON and
CHRISTOPHER LABRECK,

    Defendants.
_____/

**OPINION AND ORDER (1) REJECTING PLAINTIFF'S OBJECTIONS TO MAGISTRATE JUDGE'S JULY 27, 2022 REPORT AND RECOMMENDATION; (2) ADOPTING REPORT AND RECOMMENDATION; AND (3) GRANTING IN PART AND DENYING IN PART DEFENDANTS' MOTION FOR SUMMARY JUDGMENT**

Plaintiff, a Michigan Department of Corrections inmate, initiated this pro se civil rights lawsuit against Defendants on August 26, 2021. In an Amended Complaint filed November 12, 2021, Plaintiff asserts violations of his rights under the First, Eighth, and Fourteenth Amendments. (ECF No. 16.) Defendants filed a motion for summary judgment based on the failure of Plaintiff to exhaust his administrative remedies (ECF No. 21), which this Court referred to Magistrate Judge Curtis Ivy, Jr. (ECF No. 24).

1

On July 27, 2022, Magistrate Judge Ivy issued a Report and Recommendation ("R&R") in which he recommends that this Court grant in part and deny in part Defendants' motion. (ECF No. 25.) Specifically, Magistrate Judge Ivy finds that Plaintiff administratively exhausted only his claim that Defendant Thomas Haynes forced Plaintiff to sign an agreement or face the loss of his job and a prison transfer. (*Id.* at Pg ID 247.) Magistrate Judge Ivy therefore recommends the dismissal of the remaining claims alleged in Plaintiff's Complaint and the remaining Defendants. (*Id.*) At the conclusion of the R&R, Magistrate Judge Ivy informs the parties that they must file any objections to the R&R within fourteen days. Plaintiff filed objections on August 16. (ECF No. 28.)

When objections are filed to a magistrate judge's R&R on a dispositive matter, the Court "make[s] a *de novo* determination of those portions of the report or specified proposed findings or recommendations to which objection is made." 28 U.S.C. § 636(b)(1). The Court, however, "is not required to articulate all of the reasons it rejects a party's objections." *Thomas v. Halter*, 131 F. Supp. 2d 942, 944 (E.D. Mich. 2001) (citations omitted). A party's failure to file objections to certain conclusions of the R&R waives any further right to appeal on those issues. *See Smith v. Detroit Fed'n of Teachers Local 231*, 829 F.2d 1370, 1373 (6th Cir.1987). Likewise, the failure to object to certain conclusions in the magistrate

2

judge's report releases the Court from its duty to independently review those issues. *See Thomas v. Arn*, 474 U.S. 140, 149 (1985).

The Court has reviewed Plaintiff's objections to the R&R but reaches the same conclusion as Magistrate Judge Ivy with respect to the issue of whether Plaintiff administratively exhausted his pending claims. For the most part, Plaintiff's objections do not even relate to Magistrate Judge Ivy's analysis of the issue at hand. The only objections that appear to address the issue are Plaintiff's second objection related to the failure of the grievance coordinator to provide a Step II appeal form to Plaintiff and his seventh objection in which he argues that a Step II appeal would have been "moot" because of Defendant Winn's participation.[1]

Taking the latter objection first, mere conclusory assertions of futility are insufficient to excuse exhaustion. *Davis v. Keohane*, 835 F.2d 1147, 1149 (6th Cir. 1987). "To further the purposes behind the [Prison Litigation Reform Act], exhaustion is required even if the prisoner subjectively believes the remedy is not available; even when the state cannot grant the particular relief requested; and

---

[1] Plaintiff maintains that, had he filed a Step II appeal, it would have been invalid as Defendant Winn would have reviewed it and this would have violated Plaintiff's due process rights because Defendant Winn was involved in the involuntary transfer. (ECF No. 28 at Pg ID 286.) This grievance, however, related to Defendant Hayne's alleged attempt to have Plaintiff sign a blank work report form and Plaintiff's request to have an evaluation removed from his file. (*See* ECF no. 21-3 at Pg ID 192.)

'even where the prisoners believe the procedure to be ineffectual or futile.'" *Barnett v. Laurel Cnty., Kentucky*, No. 16-5658, 2017 WL 3402075, at *2 (6th Cir. 2017) (quoting *Napier v. Laurel Cnty., Ky.*, 636 F.3d 218, 222 (6th Cir. 2011)) (brackets and ellipsis removed).

As to Plaintiff's second objection, Magistrate Judge Ivy correctly explained that Plaintiff did not provide evidence to support the assertion that he requested, but did not receive, the Step II form. (ECF No. 25 at Pg ID 246.) Moreover, the "evidence" Plaintiff cites to support this assertion (*See* ECF No. 22 at Pg ID 210 (citing ECF No. 21-3 at Pg ID 200)) reflects that he requested the Step II form on October 21, 2019, which is the same date he filed his Step III appeal (ECF No. 21-3 at Pg ID 199). Thus, as Magistrate Judge Ivy found, Plaintiff did not afford the prison the opportunity to provide the Step II form before he filed his Step III appeal. (ECF No. 25 at Pg ID 246.)

For these reasons, the Court rejects Plaintiff's objections to Magistrate Judge Ivy's R&R and adopts Magistrate Judge Ivy's recommendations.

Accordingly,

**IT IS ORDERED** that Defendants' motion for summary judgment (ECF No. 21) is **GRANTED IN PART AND DENIED IN PART** in that summary judgment is denied as to Plaintiff's claim that Defendant Haynes forced Plaintiff to sign an agreement or risk losing his job and being transferred to a different prison

4

facility. However, summary judgment is granted as to Plaintiff's remaining claims and Defendants O.T. Winn, Michael Guerin, Jodie Anderson, and Christopher Labreck are **DISMISSED AS PARTIES** to this action.

**IT IS SO ORDERED.**

s/ Linda V. Parker
LINDA V. PARKER
U.S. DISTRICT JUDGE

Dated: September 8, 2022

I hereby certify that a copy of the foregoing document was mailed to counsel of record and/or pro se parties on this date, September 8, 2022, by electronic and/or U.S. First Class mail.

s/Aaron Flanigan
Case Manager