UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

| | |
|---|---|
| FRANK JOHN RICHARD,<br>　　　　　Plaintiff,<br>v.<br>O.T. WINN, *et al.*,<br>　　　　　Defendants.<br>_____/ | Case No.: 21-12064<br><br>Linda V. Parker<br>United States District Judge<br><br>Curtis Ivy, Jr.<br>United States Magistrate Judge |

**REPORT AND RECOMMENDATION ON PLAINTIFF'S MOTION FOR INJUNCTIVE RELIEF (ECF No. 26) and**
<u>**APPLICATION TO PROCEED IFP (ECF No. 34)**</u>

**I.   PROCEDURAL HISTORY**

Plaintiff Frank Richard filed this civil rights matter, without the assistance of counsel, on August 26, 2021. Thomas Haynes is the only remaining defendant with one claim remaining against him—allegedly forcing Plaintiff to sign an agreement or risk losing his prison job and being transferred to a different prison facility. (ECF Nos. 25, 32). This matter was referred to the undersigned for all pretrial proceedings. (ECF No. 31).

On August 11, 2022, Plaintiff moved for a temporary restraining order and injunctive relief to prevent a transfer to another prison. (ECF No. 26). Defendant Haynes responded to that motion. (ECF No. 30).

On October 17, 2022, Plaintiff filed a notice of appeal of the Court's Opinion adopting the report and recommendation on the defendants' motion for summary judgment (ECF No. 33) and an application for leave to proceed *in forma pauperis* ("IFP") on appeal with an affidavit (ECF No. 34).

For the reasons below, the undersigned recommends that Plaintiff's motion for injunctive relief and his application to proceed IFP be **DENIED**.

## II.   DISCUSSION

### A.   Motion for Injunctive Relief

Federal Rule of Civil Procedure 65 governs injunctions and temporary restraining orders. The decision to grant or deny injunctive relief falls solely within the discretion of the district court. *See Ohio Republican Party v. Brunner*, 543 F.3d 357, 361 (6th Cir. 2008). In the Sixth Circuit, the "same factors [are] considered in determining whether to issue a TRO or preliminary injunction." *Id.* Thus the Court can evaluate both the temporary restraining order and the preliminary injunction by the same analysis. *See also id.* (applying the aforementioned factors to a temporary restraining order); *Overstreet v. Lexington-Fayette Urb. Cnty. Gov't*, 305 F.3d 566, 573 (6th Cir. 2002) (applying the same to a preliminary injunction). In exercising its discretion, a court must consider whether plaintiff has established these elements: "(1) whether the movant has a strong likelihood of success on the merits; (2) whether the movant would suffer

irreparable injury without the injunction; (3) whether issuance of the injunction would cause substantial harm to others; and (4) whether the public interest would be served by issuance of the injunction." *City of Pontiac Retired Emps. Ass'n v. Schimmel*, 751 F.3d 427, 430 (6th Cir. 2014). Plaintiff, as the moving party, bears the burden of demonstrating entitlement to injunctive relief. *Leary v. Daeschner*, 228 F.3d 729, 739 (6th Cir. 2000).

"The purpose of a preliminary injunction is to preserve the status quo until a trial on the merits." *S. Glazer's Distributors of Ohio, LLC v. Great Lakes Brewing Co.*, 860 F.3d 844, 848 (6th Cir. 2017) (citing *Univ. of Tex. v. Camenisch*, 451 U.S. 390, 395 (1981)). As explained by the Sixth Circuit, "a party moving for a preliminary injunction must necessarily establish a relationship between the injury claimed in the party's motion and conduct asserted in the complaint." *Colvin v. Caruso*, 605 F.3d 282, 300 (6th Cir. 2010) (quoting *Devose v. Herrington*, 42 F.3d 470, 471 (8th Cir. 1994)). Simply put, a plaintiff is not entitled to a preliminary injunction on claims not pending in the complaint. *See Ball v. Famiglio*, 396 F. App'x 836, 837 (3d Cir. 2010).

Plaintiff's motion should be denied because it bears no relationship to the claims in the operative first amended complaint. The remaining claim against Haynes is that Haynes threatened Plaintiff with the loss of his job and transfer to another prison if he did not sign a document. He seeks injunctive relief against

non-defendant Schur for threats to remove him from the Veteran's Unit Program, which he asserts will subject to him a delay in his cancer treatment, in retaliation for filing a grievance against him. (ECF No. 26, PageID.251-52).

The assertions in the motion are unrelated to the complaint. As explained, this relationship is required before injunctive relief may be granted. *See Colvin*, 605 F.3d at 300. For example, in a similar case the plaintiff requested injunctive relief to prevent prison officials from removing his legal documents. That court denied the motion, explaining

> Plaintiff's underlying claim in this case is based upon his contention that improper withdrawals were made from his inmate trust fund to pay restitution for his prior criminal conviction. On the other hand, as set forth above, his request for injunctive relief is based upon prison officials' alleged handling of legal mail and legal documents, a matter unrelated to the underlying claim. If Plaintiff's allegations concerning prison officials' interference with his legal correspondence and documents are true, he may have separate potential claims regarding such matters. However, Plaintiff may not address those potential and unrelated claims in this pending action through a request for injunctive relief.

*Taylor v. United States*, 2019 WL 8441696, at *2 (W.D. Tenn. Sept. 6, 2019) (footnote omitted); *report and recommendation adopted*, 2020 WL 587650 (W.D. Tenn. Feb. 6, 2020).

Because none of Plaintiff's claims bear a relationship to the threats of a lost job and transfer for not signing a document, the motion should be denied. Plaintiff

4

is seeking leave to file a second amended complaint to add Schur as a defendant. If that motion is granted, and if the request for injunctive relief relates to the claims against Schur, Plaintiff may consider renewing this motion at that time..

B. Application to Proceed IFP[1]

The application to proceed IFP on appeal should be denied. 28 U.S.C. § 1915(a)(3) provides that a litigant may not take an appeal in forma pauperis if the appeal is not taken in good faith. Plaintiff's appeal of the District Judge's Opinion and Order is premature, and thus not taken in good faith. As the Sixth Circuit recently explained,

> [The Sixth Circuit] may exercise jurisdiction only over final orders, 28 U.S.C. § 1291, and certain interlocutory orders and collateral orders, 28 U.S.C. § 1292. *See Cohen v. Beneficial Indus. Loan Corp.*, 337 U.S. 541, 545-46 (1949); *see also Anderson v. Roberson*, 249 F.3d 539, 542-43 (6th Cir. 2001). An order is final and appealable when it ends the litigation and leaves nothing for the court to do but execute the judgment. *JPMorgan Chase Bank, N.A. v. Winget*, 920 F.3d 1103, 1105 (6th Cir. 2019). A dismissal of some but not all claims or defendants is not a final appealable judgment, absent an entry of judgment and a district court's certification under Federal Rule of Civil Procedure 54(b) that there is no justification for delaying an appeal. *See Liberty Mut. Ins. Co. v. Wetzel*, 424 U.S. 737, 742-45 (1976); *Solomon v. Aetna Life Ins. Co.*, 782 F.2d 58, 59-60 (6th Cir. 1986); Fed. R. Civ. P. 54(b).

---

[1] the undersigned will proceed by way of report and recommendation pursuant to *Woods v. Dahlberg*, 894 F.2d 187, 188 (6th Cir. 1990) (A magistrate judge may grant the application in an order, but "[i]f the decision is to deny, . . . the magistrate must make such a recommendation to the district judge who will then take final action. 28 U.S.C. § 636(b)(1)(B).").

*Petronykoriak v. Equifax Info. Servs., LLC*, 2021 WL 6144163, at *1 (6th Cir. Dec. 16, 2021).

The Opinion and Order left a claim pending against Defendant Haynes. Thus, this order is an interlocutory order. But unaccompanied by a Rule 54(b) certification, it is not appealable. Because the opinion is not appealable, the undersigned suggests that Plaintiff's application to proceed IFP be denied because an appeal would not be taken in good faith.

### III. RECOMMENDATION

For the reasons set forth above, the undersigned **RECOMMENDS** that Plaintiff's application for leave to proceed IFP (ECF No. 34) be **DENIED**.

The parties to this action may object to and seek review of this Report and Recommendation, but are required to file any objections within 14 days of service, as provided for in Federal Rule of Civil Procedure 72(b)(2) and Local Rule 72.1(d). Failure to file specific objections constitutes a waiver of any further right of appeal. *Thomas v. Arn*, 474 U.S. 140 (1985); *Howard v. Sec'y of Health and Human Servs.*, 932 F.2d 505 (6th Cir. 1981). Filing objections that raise some issues but fail to raise others with specificity will not preserve all the objections a party might have to this Report and Recommendation. *Willis v. Sec'y of Health and Human Servs.*, 931 F.2d 390, 401 (6th Cir. 1991); *Smith v. Detroit Fed'n of*

*Teachers Loc. 231*, 829 F.2d 1370, 1373 (6th Cir. 1987). Pursuant to Local Rule 72.1(d)(2), any objections must be served on this Magistrate Judge.

Any objections must be labeled as "Objection No. 1," "Objection No. 2," etc. Any objection must recite precisely the provision of this Report and Recommendation to which it pertains. Not later than 14 days after service of an objection, the opposing party may file a concise response proportionate to the objections in length and complexity. Fed. R. Civ. P. 72(b)(2), Local Rule 72.1(d). The response must specifically address each issue raised in the objections, in the same order, and labeled as "Response to Objection No. 1," "Response to Objection No. 2," etc. If the Court determines that any objections are without merit, it may rule without awaiting the response.

Date: November 3, 2022                    s/Curtis Ivy, Jr.
                                          Curtis Ivy, Jr.
                                          United States Magistrate Judge

## **CERTIFICATE OF SERVICE**

      The undersigned certifies that this document was served on counsel of record and any unrepresented parties via the Court's ECF System or by First Class U.S. mail on November 3, 2022.

                                                s/Kristen MacKay  
                                                Case Manager  
                                                (810) 341-7850