UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

FRANK JOHN RICHARD,

    Plaintiff,

v.

    Civil Case No. 21-12064
    Honorable Linda V. Parker

O.T. WINN, et al.,

    Defendants.
_____/

## OPINION AND ORDER (1) REJECTING PLAINTIFF'S OBJECTIONS TO MAGISTRATE JUDGE'S NOVEMBER 3, 2022 REPORT AND RECOMMENDATION; (2) ADOPTING REPORT AND RECOMMENDATION; AND (3) DENYING PLAINTIFF'S MOTION TO PROCEED *IN FORMA PAUPERIS*

Plaintiff Frank Richard, a Michigan Department of Corrections inmate, initiated this pro se civil rights lawsuit against Defendants on August 26, 2021. In an Amended Complaint filed November 12, 2021, Plaintiff asserts violations of his rights under the First, Eighth, and Fourteenth Amendments. (ECF No. 16.) Defendants filed a motion for summary judgment based on the failure of Plaintiff to exhaust his administrative remedies (ECF No. 21), which this Court granted in part and denied in part (ECF No. 32) after adopting Magistrate Judge Ivy's Report and Recommendation ("R&R") (ECF No. 25). Plaintiff subsequently filed a notice of appeal of the Court's Opinion adopting a Report and Recommendation (ECF

No. 33) and filed an application for leave to proceed *in forma pauperis* ("IFP") on appeal (ECF No. 34). On August 11, 2022, Plaintiff filed a motion for a temporary restraining order or preliminary injunction. (ECF No. 26.) The matter has been referred to Magistrate Judge Curtis Ivy, Jr. for all pretrial proceedings, including a hearing and determination of all non-dispositive matters pursuant to 28 U.S.C. § 636(b)(1)(A) and/or a report and recommendation on all dispositive matters pursuant to 28 U.S.C. § 636(b)(1)(B). (ECF No. 31.)

On November 3, 2022, Magistrate Judge Ivy issued a R&R in which he recommends that this Court deny Plaintiff's motion for injunctive relief and deny his application to proceed IFP. (ECF No. 40.) Specifically, Magistrate Judge Ivy finds that Plaintiff's claims against the only remaining defendant,[1] Thomas Haynes, bear no relationship to the claims in the Amended Complaint. (*Id.* at Pg ID 358-59.) Magistrate Judge Ivy finds that Plaintiff's application to proceed IFP is not taken in good faith due to it being unaccompanied by a Rule 54(b) certification. (*Id.* at Pg ID 361.) Magistrate Judge Ivy therefore recommends the denial of both the motion for injunctive relief and the IFP application. (*Id.* at Pg ID 357.) At the conclusion of the R&R, Magistrate Judge Ivy informs the parties that they must

---

[1] Defendants O.T. Winn, Michael Guerin, Jodie Anderson, and Christopher Labreck were dismissed from the action. (*See* ECF No. 32.)

file any objections to the R&R within fourteen days. Plaintiff filed objections on November 23. (ECF No. 49.)

When objections are filed to a magistrate judge's R&R on a dispositive matter, the Court "make[s] a *de novo* determination of those portions of the report or specified proposed findings or recommendations to which objection is made." 28 U.S.C. § 636(b)(1). The Court, however, "is not required to articulate all of the reasons it rejects a party's objections." *Thomas v. Halter*, 131 F. Supp. 2d 942, 944 (E.D. Mich. 2001) (citations omitted). A party's failure to file objections to certain conclusions of the R&R waives any further right to appeal on those issues. *See Smith v. Detroit Fed'n of Teachers Local 231*, 829 F.2d 1370, 1373 (6th Cir.1987). Likewise, the failure to object to certain conclusions in the magistrate judge's report releases the Court from its duty to independently review those issues. *See Thomas v. Arn*, 474 U.S. 140, 149 (1985).

Here, Plaintiff asserts that Magistrate Judge Ivy is "over-thinking" the issues involved, and in both of his identical objections, Plaintiff maintains that there is a connection between the claims in the Amended Complaint and the claims proffered in Plaintiff's motion. Specifically, Plaintiff maintains that "the events cited by the motion and the complaint, were both motivated by retaliation, as to the Right to Free Speech and Due Process," and as such, demonstrate a relation for purposes of obtaining the requested injunctive relief. (ECF No. 49 at Pg ID 412.) However,

Plaintiff misunderstands Magistrate Judge Ivy's ruling.  Plaintiff's Amended Complaint involves allegations against the remaining Defendant, Thomas Haynes, in that he "(1) "terminated [Plaintiff] from the Dog Program for exercising [his] Right to Freedom of Expression" and (2) "Haynes denied [Plaintiff's] Right to Due Process under the law when [Haynes] handed [Plaintiff] a blank CSJ-363 work report and ordered [Plaintiff] to sign it."  (ECF No. 16 at Pg ID 102.)   These incidents occurred in May 2018 and September 2019 at the Saginaw Correctional Facility ("SFR").  The current motion pending before the Court involves allegations against a new individual who is not a party to this lawsuit, David Schur, based on alleged "retaliatory transfer" arising from events that allegedly occurred years later on July 21, 2022.  As Magistrate Judge Ivy noted, the Sixth Circuit requires that a relationship exist between the claims in the complaint and the claims presented in a motion for preliminary injunction.  *See Colvin v. Caruso*, 605 F.3d 282, 300 (6th Cir. 2010) ("[A] party moving for a preliminary injunction must necessarily establish a relationship between the injury claimed in the party's motion and the conduct asserted in the complaint.").  Because the events in the Amended Complaint occurred almost three years prior and involved a different individual, Thomas Haynes, Plaintiff failed to establish a relationship to the current allegations against David Schur.  Thus, as Magistrate Judge Ivy found, Plaintiff's new claims in the motion bear no relationship to the original claims in the

Amended Complaint. (ECF No. 40 at Pg ID 360.) Finally, Plaintiff does not object to the denial of his IFP application.

For these reasons, the Court rejects Plaintiff's objections to Magistrate Judge Ivy's R&R and adopts Magistrate Judge Ivy's recommendations.

Accordingly,

**IT IS ORDERED,** that Plaintiff's motion for a temporary restraining order or preliminary injunction (ECF No. 26) is **DENIED,** and Plaintiff's motion to proceed *in forma pauperis* on appeal (ECF NO. 34) is **DENIED**.

s/ Linda V. Parker
LINDA V. PARKER
U.S. DISTRICT JUDGE

Dated: January 4, 2023

I hereby certify that a copy of the foregoing document was mailed to counsel of record and/or pro se parties on this date, January 4, 2023, by electronic and/or U.S. First Class mail.

s/Aaron Flanigan
Case Manager