UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

| | |
|---|---|
| FRANK JOHN RICHARD,<br>　　　　　　Plaintiff,<br>v.<br>THOMAS HAYNES,<br>　　　　　　Defendant.<br>_____/ | Case No. 21-12064<br><br>Linda V. Parker<br>United States District Judge<br><br>Curtis Ivy, Jr.<br>United States Magistrate Judge |

### REPORT AND RECOMMENDATION GRANTING DEFENDANT'S MOTION TO DISMISS (ECF No. 59).

Plaintiff Frank John Richard filed this prisoner civil rights suit on August 26, 2021, without the assistance of counsel, alleging violations of the First, Eighth, and Fourteenth Amendments. (ECF No. 1). It was referred to the undersigned for all pretrial matters. (ECF No. 31). This matter is currently before the Court on Defendant Haynes's motion to dismiss. (ECF No. 59).

For the reasons discussed below, the Court **RECOMMENDS** the motion be **GRANTED**.

### I.    PROCEDURAL HISTORY

Plaintiff is currently incarcerated at the Michigan Department of Corrections ("MDOC") Saginaw Correctional Facility ("SRF"). (ECF No. 1). The current operative complaint is Plaintiff's amended complaint filed November 12, 2021.

1

(ECF No. 16). On January 26, 2022, all of the MDOC Defendants[1] filed a motion for summary judgment for failure to exhaust administrative remedies. (ECF No. 21). The undersigned issued a Report and Recommendation recommending dismissal of all claims and Defendants except for one claim against Defendant Haynes. (ECF No. 25). The Report and Recommendation was adopted on September 8, 2022. (ECF No. 32).

## II. ANALYSIS

### a. Standard of Review

Defendant moves to dismiss pursuant to Rule 12(b)(6). When deciding a motion to dismiss under Rule 12(b)(6), the Court must "construe the complaint in the light most favorable to plaintiff and accept all allegations as true." *Keys v. Humana, Inc.*, 684 F.3d 605, 608 (6th Cir. 2012). "To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (internal quotation omitted); *see also Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007) (concluding that a plausible claim need not contain "detailed factual allegations," but it must contain more than "labels and conclusions" or "a formulaic recitation of the elements of a cause of action"). Facial plausibility is established "when the plaintiff pleads factual content that allows the court to draw

---

[1] Defendants Jodie Anderson, M. Guerin, Thomas Haynes, C. LaBreck, and O.T. Winn are collectively the MDOC Defendants. (ECF No. 25).

the reasonable inference that the defendant is liable for the misconduct alleged." *Iqbal*, 556 U.S. at 678. "The plausibility of an inference depends on a host of considerations, including common sense and the strength of competing explanations for the defendant's conduct." *16630 Southfield Ltd., P'Ship v. Flagstar Bank, F.S.B.*, 727 F.3d 502, 503 (6th Cir. 2013).

The Court also holds *pro se* complaints to "less stringent standards than formal pleadings drafted by lawyers." *Haines v. Kerner*, 404 U.S. 519, 520 (1972). Yet even in pleadings drafted by *pro se* parties, "'courts should not have to guess at the nature of the claim asserted.'" *Frengler v. Gen. Motors*, 482 F. App'x 975, 976-77 (6th Cir. 2012) (quoting *Wells v. Brown*, 891 F.2d 591, 594 (6th Cir. 1989)). "[C]ourts may not rewrite a complaint to include claims that were never presented ... nor may courts construct the Plaintiff's legal arguments for him. Neither may the Court 'conjure up unpled allegations[.]'" *Rogers v. Detroit Police Dept.*, 595 F. Supp. 2d 757, 766 (E.D. Mich. 2009); *see also, Evans v. Mercedes Benz Fin. Servs., LLC*, No. 11-11450, 2011 WL 2936198, at *2 (E.D. Mich. July 21, 2011) (Cohn, J.) ("Even excusing plaintiff's failure to follow Rules 8(a)(2) and 10(b), a *pro se* plaintiff must comply with basic pleading requirements, including Rule 12(b)(6).").

Michigan has a three-year statute of limitations for 42 U.S.C. § 1983 claims. *Caulker v. Mich. State Univ.*, 2009 WL 3644778, at *8 (W.D.

3

Mich. Nov. 2, 2009). Though state law sets the statutory period, the question of when the statutory period begins to run is based on federal law. Generally, a claim accrues when "the reasonable person knows, or in the exercise of due diligence should have known, both his injury and the cause of that injury." *Bishop v. Child's. Ctr. for Developmental Enrichment*, 618 F.3d 533, 536 (6th Cir. 2010) (citing *Campbell v. Grand Trunk W. R. Co.*, 238 F.3d 772, 775 (6th Cir. 2001)).

      b. Discussion

The sole remaining claim in this case is a First Amendment right to freedom of expression claim against Defendant Haynes. Plaintiff's claim against Haynes is that Haynes terminated him from the Dog Program at SRF for exercising his right to freedom of expression. (ECF No. 16, PageID.102). Plaintiff alleges that on May 4, 2018, Defendant Haynes called Plaintiff into his office and directed Plaintiff to sign the "Regaining Honor" agreement or Plaintiff would lose his position as a dog handler in the veterans' unit dog program and be moved to the 900 unit. (*Id.* at PageID.106). Plaintiff indicates he signed the agreement "under protest[.]" (*Id.*).

Defendant Haynes argues that the statute of limitations has run on Plaintiff's claim because Plaintiff did not initiate suit within the three-year statute of limitations. (ECF No. 59, PageID.527). In response, Plaintiff argues Defendant

Hayes' motion is barred under Fed. R. Civ. P. 12(g)(2) because the issues of exhaustion of administrative remedies were addressed by an earlier motion for summary judgment. (ECF No. 62, PageID.572).[2]

"The statute of limitations for claims subject to the PLRA is tolled while the plaintiff exhausts his required administrative remedies. Therefore, the limitation period would not run while [plaintiff] invoked the MDOC grievance process." *Surles v. Andison*, 678 F.3d 452, 458 (6th Cir. 2012) (citing *Brown v. Morgan,* 209 F.3d 595, 596 (6th Cir. 2000)). "In order to properly determine the last possible date on which [plaintiff] could file his complaint, it is necessary to determine the period of time during which the limitations period was tolled in order for [plaintiff] to pursue his administrative remedies." *Brown*, 209 F.3d at 596–97. Therefore, the Court must look to when the grievance process occurred for this claim.

Plaintiff filed his grievance related to Defendant Haynes on June 5, 2018. (ECF No. 21-3, PageID.203).[3] Plaintiff received the Step III response on July 15,

---

[2] Fed. R. Civ. P. 12(g)(6) provides "Limitation on Further Motions. Except as provided in Rule 12(h)(2) or (3), a party that makes a motion under *this rule* must not make another motion *under this rule* raising a defense or objection that was available to the party but omitted from its earlier motion." (emphasis added). Defendants' earlier motion for summary judgment under Fed. R. Civ. P. 56 was not a motion to dismiss under Fed. R. Civ. P. 12, so the limitation of further motions of Rule 12(g)(6) does not bar this motion to dismiss because this motion is the first motion to dismiss filed.

[3] When deciding a motion to dismiss, the court may consider exhibits attached to the complaint, public records, other documents appearing in the record and exhibits attached to Defendant's motion, "so long as they are referred to in the Complaint and are central to the claims." *Bassett v. Nat'l Collegiate Athletic Ass'n*, 528 F.3d 426, 430 (6th Cir. 2008). "[W]hen a document is referred to in the pleadings and is integral to the claims, it may be considered

5

2018. (ECF No. 31-3, PageID.201; ECF No. 21-3, PageID.201). When a prisoner receives a Step III response, the grievance process is completed, and the statute of limitations begins to run again. Under Michigan law, Plaintiff had three years to file his claim. Defendant argues the last date Plaintiff could file his lawsuit was July 15, 2021. (ECF No. 59, PageID.530). That said, this is not how tolling operates and Defendant glosses over the period between when the incident occurred and when Plaintiff filed his grievance.

"Under federal law the statute begins to run when plaintiffs knew or should have known of the injury which forms the basis of their claims." *Ruff v. Runyon*, 258 F.3d 498, 500 (6th Cir. 2001) (citing *Friedman v. Estate of Presser,* 929 F.2d 1151, 1159 (6th Cir.1991)); *Nobles v. Quality Corr. Care of Mich.*, No. 1:21-CV-199, 2023 WL 2168100, at *5 (W.D. Mich. Jan. 24, 2023), *report and recommendation adopted*, No. 1:21-CV-199, 2023 WL 2162605 (W.D. Mich. Feb. 22, 2023) (tolling the statute of limitations from the date a grievance was filed to the date of the Step III response). Therefore, the statute of limitations for Plaintiff's claim began to run when he suffered the alleged injury because that is the date Plaintiff knew of his injury. Plaintiff's injury occurred either on May 4, 2018, as he alleges in his complaint, or on May 31, 2018, as he alleges in the grievance related to this conduct. (ECF No. 16, PageID.106; ECF No. 21-3,

---

without converting a motion to dismiss into one for summary judgment." *Com. Money Ctr., Inc. v. Ill. Union Ins. Co.*, 508 F.3d 327, 335–36 (6th Cir. 2007).

PageID.203). The statute of limitations started tolling on June 5, 2018, the day Plaintiff filed his grievance related to Defendant Haynes. (ECF No. 21-3, PageID.203). Plaintiff received the Step III response on July 15, 2018. (ECF No. 31-3, PageID.201). The statute of limitations would have therefore been tolled during the 40-day period Plaintiff spent exhausting this grievance between June 5, 2018, and July 15, 2018. This 40-day period would be added to the three-year statute of limitations for Plaintiff's claim. Therefore, the statute of limitations would run on either June 13, 2021, or July 10, 2021, depending on which date the incident occurred.

Which date the incident occurred is not of consequence because Plaintiff's complaint was not filed within the statute of limitations period calculated from either date. Plaintiff's complaint is dated August 23, 2021, and was received by the Court on August 26, 2021. (ECF No. 1, PageID.27). The undersigned suggests Plaintiff's claim cannot be salvaged through tolling because his claim is barred by the statute of limitations.

### III. RECOMMENDATION

For the reasons set forth above, the undersigned **RECOMMENDS** that Defendant's Motion to Dismiss (ECF No. 59) be **GRANTED** and this case **DISMISSED**.

The parties to this action may object to and seek review of this Report and Recommendation, but are required to file any objections within 14 days of service, as provided for in Federal Rule of Civil Procedure 72(b)(2) and Local Rule 72.1(d).  Failure to file specific objections constitutes a waiver of any further right of appeal.  *Thomas v. Arn*, 474 U.S. 140 (1985); *Howard v. Sec'y of Health and Hum. Servs.*, 932 F.2d 505 (6th Cir. 1981).  Filing objections that raise some issues but fail to raise others with specificity will not preserve all the objections a party might have to this Report and Recommendation.  *Willis v. Sec'y of Health and Hum. Servs.*, 931 F.2d 390, 401 (6th Cir. 1991); *Smith v. Detroit Fed'n of Teachers Loc. 231*, 829 F.2d 1370, 1373 (6th Cir. 1987).  Pursuant to Local Rule 72.1(d)(2), any objections must be served on this Magistrate Judge.

Any objections must be labeled as "Objection No. 1," "Objection No. 2," etc.  Any objection must recite precisely the provision of this Report and Recommendation to which it pertains.  Not later than 14 days after service of an objection, the opposing party may file a concise response proportionate to the objections in length and complexity.  Fed. R. Civ. P. 72(b)(2), Local Rule 72.1(d).  The response must specifically address each issue raised in the objections, in the same order, and labeled as "Response to Objection No. 1," "Response to Objection No. 2," etc.  If the Court determines that any objections are without merit, it may rule without awaiting the response.

Date: March 7, 2023                           s/Curtis Ivy, Jr.
                                              Curtis Ivy, Jr.
                                              United States Magistrate Judge

## **CERTIFICATE OF SERVICE**

      The undersigned certifies that this document was served on counsel of record and any unrepresented parties via the Court's ECF System or by First Class U.S. mail on March 7, 2023.

                                              s/Kristen MacKay
                                              Case Manager
                                              (810) 341-7850