UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

FRANK JOHN RICHARD,

    Plaintiff,

v.

                                                Civil Case No. 21-12064
                                                Honorable Linda V. Parker

THOMAS HAYNES,

    Defendant.
_____/

## ORDER GRANTING PLAINTIFF'S MOTION TO PROCEED IN FORMA PAUPERIS (ECF NO. 73) AND DENYING MOTION FOR APPOINTMENT OF COUNSEL (ECF NO. 74)

Plaintiff Frank John Richard, an individual incarcerated in the Michigan Department of Corrections, moves the Court to approve him proceeding in forma pauperis on appeal. (ECF No. 73.) Plaintiff also moves this Court to appoint counsel. Under the Federal Rules of Appellate Procedure, "[a] party who was permitted to proceed in forma pauperis in the district-action . . . may proceed on appeal in forma pauperis without further authorization." Fed. R. App. P. 24(a)(3). Thus, the Court grants him approval to proceed in forma pauperis on appeal.

There is no constitutional right to counsel in civil cases. *Lavado v. Keohane*, 992 F.2d 601, 605–06 (6th Cir. 1993) (citations omitted). A court may appoint counsel to represent a civil plaintiff when warranted by "exceptional

circumstances." *Id*. at 606 (citations omitted). When deciding whether exceptional circumstances exist, courts consider "the type of case and the abilities of the plaintiff to represent himself." *Id*. (quoting *Archie v. Christian*, 812 F.2d 250, 253 (5th Cir. 1987)). "This generally involves a determination of the complexity of the factual and legal issues involved." *Id*. (internal quotation marks and citation omitted).

In support of his motion, Plaintiff notifies the Court that he has lost access to his "Jailhouse Lawyer," ECF No. 74 at Pg ID 636, limited access to legal materials in light of COVID-19 pandemic, and his radiation treatments stemming from his diagnosis of prostate cancer, as "exceptional circumstances" warranting appointment of counsel. The Court disagrees. While the Court is sympathetic to Plaintiff's health conditions and the access restrictions, again, the Plaintiff's filings to date, including the present motion, reflect that he has the ability to effectively communicate and advocate for himself. Further, the only remaining claim—a First Amendment right to freedom of expression—and the underlying facts regarding Plaintiff's termination from his job as a dog handler in the Veteran's Unit is not one of much complexity that would require the assistance of counsel; the Court has confidence in Plaintiff's ability to represent himself. The Court, therefore, is denying his request for the appointment of counsel at this time.

Accordingly,

**IT IS ORDERED,** that Plaintiff's "Motion for Leave to Proceed In Forma Pauperis on Appeal" (ECF No. 73) is **GRANTED.**

**IT IS FURTHER ORDERED,** that Plaintiff's "Motion for the Appointment of Counsel on Appeal" (ECF No. 74) is **DENIED**.

**SO ORDERED.**

                                    s/ Linda V. Parker
                                    LINDA V. PARKER
                                    U.S. DISTRICT JUDGE

Dated: July 18, 2023

I hereby certify that a copy of the foregoing document was mailed to counsel of record and/or pro se parties on this date, July 18, 2023, by electronic and/or U.S. First Class mail.

                                    s/Aaron Flanigan
                                    Case Manager